IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY O. KROW and MICHAEL MIAHNAHRI, | |
| Plaintiffs, | |
| | CIVIL ACTION NO. |
| v. | 1:04-CV-1860-JTC-RGV |
| AUTONATION, INC., d/b/a TEAM TOYOTA OF LITHIA SPRINGS, | |
| Defendant. | |

Attached is the Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within ten (10) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

IT IS SO ORDERED, this 25th day of October, 2006.

> S/   RUSSELL G. VINEYARD
> RUSSELL G. VINEYARD
> UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY O. KROW and MICHAEL MIAHNAHRI, <br><br> Plaintiffs, <br><br> v. <br><br> AUTONATION, INC., d/b/a TEAM TOYOTA OF LITHIA SPRINGS, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 1:04-CV-1860-JTC-RGV |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER**

On July 13, 2006, the Defendant filed a Motion to Dismiss and to Extend Discovery and other deadlines in the Court's scheduling Order and Memorandum in Support [Doc. 47]. On May 10, 2006, Magistrate Judge Joel M. Feldman recomended to the District Judge that the pro se Plaintiff, Jerry O. Krow,[1] be ordered to pay attorney's fees in the amount of $3,488.40 to defense counsel for having to prepare and file Defendant's March 7, 2005 Motion to Dismiss and/or Compel Discovery; and warned the Plaintiff that a recommendation would be made that this

---

[1] On November 3, 2004, the Court stayed Plaintiff Michael Miahnahri's claims pending arbitration. [Doc. 17].

case be dismissed if there was a failure to comply with that order pursuant to Local Rule 41.3(A)(2), N.D. Ga. [Doc. 22].[2]

On June 22, 2006, after the time for filing objections had passed and no objections filed, the District Judge adopted the Report and Recommendation [Doc. 43] as the opinion of the Court [Doc. 46].[3] As the Plaintiff had failed to respond to the Court's Orders, pay the attorney's fees as ordered by Magistrate Judge Feldman and the District Judge, or respond to the Defendant's Motion to Dismiss, on August 21, 2006, the Court recommended that the Defendant's Motion to Dismiss [Doc. 47] be granted and this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction would suffice. [Doc. 48].[4] The Court further ordered the defense counsel to file an affidavit for attorney's fees within ten days from the receipt of the August 21, 2006 Order in connection with

---

[2] The Court scheduled a hearing for May 8, 2006 to provide the Plaintiff with an opportunity to cross-examine defense attorneys Rebecca Jakubcin and Christine Howard regarding the amount of attorney's fees they were claiming for filing said motion. [Doc. 39]. On May 8, 2006, however, the Plaintiff failed to appear, file any response, or otherwise contact the Court, although both defense attorneys were present. Thus, the Court proceeded to cross-examine defense attorneys Jakubcin and Howard regarding their itemization of time spent in preparing said motion to dismiss and/or compel. [Doc. 42].

[3] The District Judge again advised the Plaintiff that failure to comply with the Court's Order may result in the dismissal of this action. [Doc. 46].

[4] On October 16, 2006, the District Judge adopted the Court's Report and Recommendation [Doc. 48] and dismissed this action with prejudice. See [Doc. 52].

filing her Motion to Dismiss [Doc. 47], and also gave the Plaintiff fourteen days to file a response thereto. [Doc. 48].

On August 30, 2006, defense counsel Christine E. Howard filed her affidavit in accordance with the Court's August 21, 2006 Order, and indicated that she was entitled to a total of $503.50 in attorney's fees [Docs. 49-1, 49-2]. Based on this affidavit, the Court set this matter for a hearing on September 27, 2006 at 1:00 p.m. [Doc. 48]. As of 1:30 p.m. on September 27, 2006, the pro se Plaintiff had failed to appear, file any response, or contact the Court, while defense attorneys Rebecca Jakubcin and Christine Howard were both present. [Doc. 50]. Thus, the Court proceeded to cross-examine defense attorney Howard regarding her itemization of time spent in preparing said Motion to Dismiss. After reviewing Howard's affidavit in application for attorney's fees [Doc. 49-2], and after said hearing on September 27, 2006, the Court hereby approves the hourly rate of $265.00 in the year 2006 for Christine Howard for a total of $503.50 in attorney's fees.

The Court also advised defense counsel Howard that she may amend her fee affidavit to include the time spent at the attendance of the September 27, 2006 hearing, to wit: one hour for a fee of $265.00 thereby making the total fees approved in connection with filing her Motion to Dismiss [Doc. 47] as $768.50. See [Doc. 51-2].

**IT IS THEREFORE RECOMMENDED** that Defendant's application for attorney's fees [Doc. 49] be **APPROVED** as set forth above.

**IT IS HEREBY FURTHER ORDERED** that the Plaintiff be given twenty (20) days from the receipt of this Order to pay all fees ordered in this case.

The Clerk of Court is DIRECTED to terminate referral of this action to the undersigned.

**IT IS SO ORDERED** and **RECOMMENDED**, this 25th day of October, 2006.

S/   RUSSELL G. VINEYARD
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE
